Railway Company *v.* Hicks.

89   301
f117  260

# RAILWAY COMPANY *v.* HICKS.

## (*Knoxville.*   November 1, 1890.)

1. RAILWAY COMPANIES. *Erroneous charge as to observance of precautions for prevention of accidents.*

   Charge of Court to the effect that it is the duty of the engineer and other operatives on a railway train to use all means in their power to stop the train and prevent an accident "whenever" or "as soon as" the plaintiff appeared on the track, without reference to the distance in advance or the danger of collision, is erroneous, when applied to a person in the employ of the company, who, in due course of his business, was traveling at the time of the accident along the track upon a velocipede in front of and in same direction as the train, and whose duty it was to surrender the track to approaching trains.

2. SAME. *Correct charge upon the case stated.*

   The Court should have instructed the jury, as applicable to the facts stated above, "that when plaintiff appeared on the track, if he was then in such proximity to the train that danger to his person was probable, or if afterward the train came so near to him as to render it likely, under all the circumstances, that he might be injured if the train were not stopped, then it was the duty of the engineer and other operatives to use all the means in their power to stop the train and prevent a collision."

---

### FROM SULLIVAN.

---

Appeal in error from Circuit Court of Sullivan County. A. J. BROWN, J.

W. M. BAXTER, HAYNES & HAYNES, and KIRK-
PATRICK & WILLIAMS for Railway Company.

THOMAS CURTIN for Hicks.

CALDWELL, J. That part of the charge set out
in the first assignment of error is erroneous in
so far as the jury were therein told that the law
required the engineer and other operatives on the
train to use all means in their power to stop the
train and prevent an accident "whenever" or "as
soon as" the plaintiff, Hicks, appeared on the
track, without reference to the distance in advance
at which he may have so appeared, and without
reference to the presence or absence of danger at
the particular time.

The plaintiff himself was an employe of the
railway company, engaged in its business and right-
fully on its track at the time, passing from station
to station on a railway velocipede, in the same
direction that the train was moving. He was pre-
pared to give the right of way to all trains on
short notice, and it was his duty, to himself and
to the company, to do so whenever he discovered
the necessity for it.

Therefore, the employes operating the extra train,
on seeing him in the distance—if such was the
fact—were authorized to assume that he would
surrender the track in time to save himself, and
to act on this assumption so long as not refuted
by the actual fact of his remaining in the way

until the train came in such proximity to him as to make danger of an accident probable.

The logic of the rule applied by the trial Judge would require that a train be stopped as soon as in sight of section hands at work on the track, when in fact and in reason such hands are expected to continue at work until the train comes reasonably near, and then get out of the way, without causing the train to stop at all.

Instead of that part of the charge herein referred to as erroneous, the Court should have instructed the jury, in substance, that when plaintiff appeared on the track, if he was then in such proximity to the extra train that danger to his person was probable, or if afterward the train came so near to him as to render it likely, under all the circumstances, that he might be injured if the train were not stopped, then it was the duty of the engineer and other operatives to use all the means in their power to stop the train and prevent a collision.

Reverse and remand.