IN THE

# SUPREME COURT OF TENNESSEE,

FOR THE

## MIDDLE DIVISION.

---

### NASHVILLE, DECEMBER TERM, 1893.

---

### TAYLOR v. RAILROAD.

#### (*Nashville.*   December 19, 1893.)

1. MASTER AND SERVANT.   *Who are not fellow-servants.*

   A car-inspector and the crew of a switch-engine, employed by the company in the same railroad yard, are not fellow-servants. (*Post, p. 307.*)

2. CONTRIBUTORY NEGLIGENCE.   *Proper request.*

   In suit by a car-inspector against a railroad company for injuries sustained by him from being run over by a switch-engine while standing upon the track performing his duties in the company's yard, where there is controversy as to whether the plaintiff looked and listened continuously while upon the track, it is reversible error for the Court to refuse to charge, upon defendant's request, that it was plaintiff's

   20—9 P

duty to look and listen continuously, so long as he remained upon the track, and that his failure to do so would constitute such contributory negligence on his part as would defeat his action for any negligence of the crew of the switch-engine, unless they saw him on the track and could have prevented the accident and failed to do so. (*Post, p. 307.*)

3. SAME.  *Incorrect requests.*

And in such case, there being evidence tending to show that plaintiff was properly on the track, and exercising due diligence at the time of the accident, and also evidence tending to show the contrary, it was not error for the Court to refuse, upon defendant's request, to give additional instruction to the jury to the effect that plaintiff's action would be barred by his contributory negligence if he was upon the track and knew that in the usual course of business an engine was likely to pass about the time of the accident, and failed to keep out of its way.  Such request invades the province of the jury and ignores material features of the case.  (*Post, pp. 310–313.*)

---

FROM  MAURY.

---

Appeal in error from Circuit Court of Maury County.  E. D. PATTERSON, J.

GEO. C. TAYLOR and W. J. WEBSTER for Taylor.

GEO. T. HUGHES and E. H. HATCHER for Railroad.

McALISTER, J.  The plaintiff below was a car-inspector, employed by defendant in the railroad yard at Columbia.  While in the performance of his duties, he was struck by a backing switch-engine, which crushed his arm, and necessitated

amputation.    This suit was brought to recover dam-
ages against the company for the injury sustained.
There was a verdict and judgment in the Court
below in favor of the plaintiff for $1,600.    The
company appealed, and has assigned errors.    The
case was before this Court at the last term on the
appeal of the company from a verdict and judg-
ment in favor of the plaintiff for $2,000.    The
judgment was reversed by this Court, for the rea-
son that the Circuit Judge had refused to charge
"that the duty of a person on a track to look
and listen for an approaching engine and cars is a
continuing duty so long as the person remains on
the track, and, if he fails to observe such precau-
tions, and is injured in consequence of his failure
to do so, then it would be such contributory neg-
ligence on the part of such person as would bar
his right of recovery on account of the negligence
of those in charge of the engine, unless they saw
such person on the track, and failed to take such
precautions as were possible to avoid the accident."
It was held that this instruction, as applied to
an accident in the railroad yard, or in any place
where the statutory precautions do not govern,
should have been given to the jury, and for this
error the case was reversed.    It was also held by
this Court that the plaintiff, acting in the capacity
of car-inspector, and the crew in charge of the
switch-engine, were not fellow-servants, but en-
gaged in different and distinct departments of the
company's service.

It will be necessary to make a statement of the material facts presented in the record. At the time of the accident, plaintiff was engaged in the performance of his duties as car-inspector in the railroad yard at Columbia. It was his duty to inspect cars in trains coming into Columbia, and, if they needed repairing, to have them detained and uncoupled from the train for that purpose. There were two tracks in the railroad yard—one the main track and the other was known as the passing track. It was the duty of this car-inspector to examine the cars in the trains as they came in on the main track. On the occasion in question, a south-bound local freight-train came in on the main track. The switch-engine backed from the main track to the passing track (which runs parallel with the main track), going north to a point near the depot, in order to receive cars which might be left by the local freight-train. The switch-engine in use was a large Mogul road-engine, with a high back tank and a board across the rear end to prevent the coal from slipping out, and, as thus constructed, an engineer on his seat could not see a person on the track, when looking back over the tank, under seventy-five, or one hundred yards. There was proof tending to show that the switch-engine ordinarily in use in other yards had a sloping back tender, so as to allow a better lookout. There was also proof tending to show that the switch-engine came in on this switch in a

hurry, to avoid bumping or running into the passing train on the main track, and that, at the time of the accident, the switch engine was running at the rate of ten or twelve miles an hour; while, on the other hand, there was proof tending to show the rate of speed at the time was only five or six miles an hour, which was not an immoderate or excessive speed.

The plaintiff claims that when the south-bound local freight came in on the main track, he came directly across the main track to inspect the cars; that he stopped on the passing track, and was stooping down, with his back to the west, looking across at the trucks of the local freight; that he heard the ringing noise peculiar to an engine on the rail. He glanced around, and saw the backing switch-engine within eighteen feet, when he sprung from the track, but fell, and his arm was caught, run over, and crushed. Plaintiff testified, and in this testimony he was corroborated, that, before going on the track, he looked up and down, but saw nothing, and whilst stooping on the track, he looked first to one side and then to the other, but did not see the switch-engine until it was within eighteen feet of him. It was claimed by the company that, in going upon the passing track for the purpose of inspecting the trucks of cars on the main track, plaintiff was guilty of gross contributory negligence; that there was a space six or seven feet in width between the main track and the passing track, and that the plaintiff should

have inspected the cars on the main track from this vacant space, which was a place of safety, instead of going upon the passing track, which was a place of danger. It was further insisted on behalf of the company that the cars could not be properly inspected from the passing track, and that the space between the two tracks was the proper and appropriate point for inspection. On the other hand, the plaintiff claimed that he stepped on the passing track because he could get a better view of the trucks on the main track; that he could see them better twelve or fifteen feet off than close to the car, and he had often inspected cars in this way.

J. J. Williams, assistant car-inspector, and a witness for defendant, testified that the distance between the passing track and the main track was sufficient space for the inspector of cars on the main track, without going on the passing track; but he also states that he had occasionally inspected while stooping on the passing track.

There was much conflicting testimony, but we find sufficient evidence to sustain the finding of the jury on the controverted facts.

Error is assigned upon the refusal of the Circuit Judge to give the following instructions in charge to the jury: First, "the plaintiff, being an employe at work in the yards of the company at Columbia, would be bound to take notice of the usual and ordinary course of business and work in the yard, and, if the jury find that upon the ar-

rival of the south-bound local freight-train each day, the switch-engine was accustomed to back up on the passing track to a point at or near the freight depot, for the purpose of receiving the cars which might be left by the local freight and distributing them, then the plaintiff would be bound to take notice of this fact, and keep out of the way of such switch-engine; and, if he took his position on the passing track at or near the place where the switch-engine was accustomed to stand, and was struck or run over by the switch-engine going to its accustomed place, and the persons in charge of the engine did not see the plaintiff in time to prevent the accident, or did not see him at all, then the plaintiff could not recover."

We are of opinion this instruction was properly refused. In the first place it assumes that it would be an act of negligence *per se,* which, as a matter of law, would defeat any recovery, if the plaintiff went upon the passing track at or near the place where he knew the switch-engine was accustomed to pass at that hour. It ignores entirely the contention of plaintiff that he was rightfully there in the performance of his duties as car-inspector. It was of course contended, on behalf of the company, that the plaintiff's duties did not require or even permit him to assume a position on the passing track. But this was a controverted question of fact, which was properly submitted by the Circuit Judge to the determination of the jury. If the Circuit Judge had given the instruction asked, it

would have been an invasion of the province of the jury, and would have amounted to a determination by the Court that the simple fact of going upon the track would defeat a recovery, whether the plaintiff was rightfully there in the performance of his duties or not, and whether he was in the exercise of ordinary care or not.

The Court refused to charge the third request submitted by counsel for the company, to wit: "It would be negligence on the part of the plaintiff if the jury find he took his place on a track where a car or engine was likely to pass at any moment, for the purpose of inspecting a train on the main track, and that even though such position might be the best position for inspection; and if such negligence contributed proximately and directly to the injury, then the plaintiff could not recover in this cause." We are of opinion this instruction was also properly refused, for the reason just stated in respect to the first request. It assumes that if the plaintiff knew that a car or engine was likely to pass at any moment, it would be an act of proximate negligence for him to go upon the passing track, although he went there for the purpose of inspecting a freight-train which was then moving southward on the main track, and notwithstanding this position on the main track might be the usual and appropriate position for inspection. This instruction would exempt the company from any liability, no matter how negligent the crew on the switch-engine might have been. It has never been

the law that an employe of a railroad who goes upon a track in the performance of his duties, and exercises ordinary care, forfeits all claim to a recovery, and excuses all negligence on the part of the company, simply because he knew a train was likely to pass down that track at any time. Eleventh instruction was also properly refused, because it embodies in another form the same objectionable request.

The judgment of the Circuit Court is affirmed.