\* RAILROAD  v.  PUGH.

(*Knoxville.*    October    15,    1895.)

1. RAILROADS.    *Statutory precautions not applicable, when.*

The statutory precautions for the prevention of accidents are not applicable to switching operations within the yards of a railway company.    Common law rules control in such cases. (*Post, pp. 420–422.*)

Code construed: §§ 1298–1300 (M. & V.); §§ 1166–1168 (T. & S.).

Cases cited and approved: Cox v. Railroad, 2 Leg. R., 168; Railroad v. Rush, 15 Lea, 150; Taylor v. Railroad, 93 Tenn., 307; Railroad v. Wilson, 90 Tenn., 271.

2. CHARGE OF COURT.    *Reversal for inapplicable charge.*

Reversal will be had for a correct, though inapplicable, charge, where it is apparent the jury were misled thereby to the appellant's prejudice.    (*Post, pp. 422, 423.*)

---

FROM  M'MINN.

---

Appeal  in  error  from  Circuit  Court  of  McMinn County.    JAMES G. PARKS,  Judge.

MAYFIELD  &  MAYFIELD  and  HARBISON  &  ROBERTS for  Railroad  Co.

BURKETT  &  MANSFIELD  for  Pugh.

\* The duty to maintain a lookout on a railroad train is the subject of an extensive note to *Smith* v. *Norfolk & S. R. Co.* (N. C.), 25 L. R. A., 287.

CALDWELL, J. This action was brought by John Pugh to recover damages for personal injuries alleged to have been received by him through the misconduct and negligence of the Southern Railway Company. The jury returned a verdict for $1,650 in favor of the plaintiff, and the Court rendered judgment for that amount, after refusing a new trial. The defendant appealed in error.

Briefly stated, the plaintiff averred in his declaration that he was struck and seriously injured by certain detached cars of the defendant while he was walking between its side track and depot platform at Charleston, Tenn., and that the collision and injury were the direct result of the defendant's wrongful and negligent operation of those cars in making a "running switch" with them, in driving them by the depot building at an excessive rate of speed, and in having no one on the lookout ahead. The defendant pleaded not guilty, and, upon the issue thus made, the trial was had.

It was abundantly shown in the proof, and really not disputed, that the plaintiff was struck and injured at the place and in the manner averred in the declaration, but whether the collision was the result of negligence on the part of the plaintiff himself, or on the part of the defendant, was a matter of grave controversy.

In the course of his charge to the jury, the Court set forth, at large, Subsection 4 of § 1298 and §§ 1299, 1300 of the Code (M. & V.), and

then said: "These precautions are to be observed if the person, or other obstruction, is upon the road—that is, in a position where a passing train might strike it. . . . The precautions required by the statute apply to all trains propelled by steam power, whether they are moving backward or forward, or by means of an engine placed in the front or in the rear. But, as the precautions mentioned can be complied with only when the train is moving forward by means of an engine in front, a railroad company's liability for injuries inflicted while moving backward, or by means of an engine placed elsewhere than in front, is absolute. And if you find, from the proof in this case, that the plaintiff was injured on the road of the defendant by a train moving backward without an engine attached thereto, or attached to the rear end thereof, and the moving of the said train in the manner stated was the proximate cause of the injury, the defendant would be liable."

This instruction is in accord with and embodies the doctrine announced by this Court in *Railway Co.* v. *Wilson*, 90 Tenn., 271; and it is, undoubtedly, sound law when applied to a case where, as in that one, the injury complained of was inflicted at a place not in a yard of the defendant company. That doctrine is not of universal application, however. It does not apply, and the statutory precautions referred to are not required to be observed, when the employes of a railway company are

engaged in the distribution of detached cars, in the "making up" of trains, and in other necessary switching in and upon its yards, depot grounds, and side tracks. It is not possible, in such cases, to have the engine always in front of the moving portions of the train, yet the doing of the things indicated is absolutely indispensable to the efficient operation of railroads. The common law, and not the statute, prescribes the rule of action for railway companies in such situations. It was virtually so held in the case of *Cox* v. *Railroad Co.*, 2 Leg. R., 168, cited and approved in *Railroad Co.* v. *Rush*, 15 Lea, 150. See, also, *Taylor* v. *Railroad*, 93 Tenn., 307.

The injury complained of in the case at bar was received by the plaintiff in one of defendant's yards, on one of its side tracks, immediately in front of one of its depot buildings, and while some of its employes were engaged in switching the detached cars, which struck and injured him. In view of these facts, it was error for the trial Judge to instruct the jury unconditionally, as above quoted, that the statutory precautions as expounded and applied in Wilson's case, *supra*, were applicable and should have been observed n this case. He should have instructed it as to the requirements of the common law in such a situation, and not as to the requirements of the statute. No theory of the facts developed at the trial called for or justified the application of the statutory precautions.

If there had been any controversy or doubt with respect to the place and manner of the accident, the Court, in that event, should have told the jury where and under what circumstances, as indicated herein, the common law applies, and what it requires; where and under what circumstances the statute applies, and what it requires, and then left the jury to apply the one rule or the other, as it should find the injury to have been inflicted in the one situation or the other.

It sometimes happens that an inapplicable charge does no harm, and, consequently, that it affords no ground for reversal. But that is not so in this instance, for the instruction under consideration was inevitably conclusive of the case as against the defendant, it having been unmistakably established by the plaintiff, and not disputed by the defendant, that the injury complained of was inflicted by moving cars, without an engine in front and lookout ahead.

Reverse, and remand for new trial.