Railroad v. Holland.

C. N. O. & T. P. R. R. Co. *v.* FANNIE HOLLAND.

(*Knoxville.* September Term, 1906.)

**RAILROADS.** Statutes for prevention of accidents on, are not applicable to employees.

Statutes providing precautions to be taken by employees in charge of trains to prevent accidents to persons on railroad tracks are for the benefit of the general public only, so that where an employee of the company is injured on the tracks, its liability depends on the determination of the questions of negligence and contributory negligence under the rules of the common law.

Cases cited and approved: Railroad v. Burke, 6 Cold., 45; Railroad v. Robertson, 9 Heisk., 276; Railroad v. Rush, 15 Lea, 145; Railroad v. Hicks, 89 Tenn., 301.

FROM HAMILTON.

Appeal in error from the Circuit Court of Hamilton County.—M. M. ALLISON, Judge.

PRITCHARD & SIZER, for Railroad.

EARLY & FORD, for Holland.

MR. JUSTICE WILKES delivered the opinion of the Court.

117 Tenn—17

This is an action to recover damages for the alleged wrongful killing of Dock Holland, colored, the husband of the plaintiff, Fannie Holland. There was a verdict and judgment for $1,000 in favor of the plaintiff, and the defendant has appealed.

Dock Holland was killed while riding upon and operating a railway velocipede on the main track of the defendant's road between Boyce station and Chattanooga. He was an employee of the road, and his duties were to attend to the switch and signal lights and to switch the mail from the defendant's mail train to those of the Western & Atlantic Railroad at Boyce. He must, necessarily, have passed over the road to attend to his duties.

On the morning of his death Holland had changed the mail from one train to the other at Boyce, and, putting a velocipede on the track, he mounted and followed the first section of the defendant's fast passenger train, No. 3, in the direction of Chattanooga. The train was being run in two sections, and Holland, being between the two, was run down and killed by the last section, which was running at sixty miles an hour, or more, when he was stricken.

Without going into all the features of the case, it is sufficient to say that it is assigned as error that there is no evidence to support the verdict of the jury.

It is insisted upon the part of the railroad company that the statutory precautions were observed; but this is denied by the plaintiff, and there is some evidence to

support the contention of the plaintiff upon this point.

Conceding, therefore, that the statutory precautions were not observed, we think the crucial question is whether or not this was a case which required the observance of the statutory precautions.

We think there is ample evidence to show that the plaintiff's intestate was guilty of the grossest contributory negligence in attempting to operate a velocipede upon the railroad track between the two sections of a train which were runnig at the rate of sixty miles an hour. He was entirely familiar with the schedule of the trains. He knew that the first section had passed Boyce going in the direction of Chattanooga, and that the second section would immediately follow after; and yet he placed himself upon this velocipede in front of the rear section, and attempted to go down the road between the two sections, his rate of speed being about ten miles per hour.

It is not shown that he was authorized to use a velocipede, or that it was done with the consent of the railroad company, nor that it was necessary in the discharge of his duty; but, on the contrary, it is charged, and, we think, clearly appears, that he was using it for his own convenience and without the consent of the defendant.

If the rule of common-law liability is applied, we think it clear that, because of his negligence, and we may say recklessness, he would not be entitled to any recovery; and, if he is entitled to any recovery, it must be solely on the ground that the company failed to observe the

statutory precautions; for there is no evidence to show that he was run down recklessly or maliciously by the railroad employees, but everything was done that could be done to stop the train after deceased was discovered.

We are of opinion that the principles laid down in the cases of *Railroad* v. *Burke,* 6 Cold., 45; *Railroad* v. *Rush,* 15 Lea, 145; *Railroad* v. *Robertson,* 9 Heisk., 276, and *Railroad Co.* v. *Hicks,* 89 Tenn., 301, 17 S. W., 1036, should govern and control in the determination of this suit.

In the last case, *Railroad Co.* v. *Hicks,* 89 Tenn., 301, 17 S. W., 1036, the plaintiff was using a velocipede on the track rightfully. It was completely under his control, and could be easily removed from and replaced upon the track. On a trial the circuit judge charged that the statutory precautions were applicable; but this court held that the application of the rule to employees upon the track, even in the discharge of their duties, would necessitate the stopping of all trains whenever they came in sight of section hands upon the road, although it was altogether reasonable that such hands would get out of the way without making it necessary to stop at all, and that a proper charge would have been that the road, when it sees an employee on the track in peril of being run over, must do all in its power to avert a collision, and prevent an injury, which is, in effect applying the rule of the common law.

In the case of *Railroad* v. *Rush,* 15 Lea, 145, a brake-

man of a freight train was sent by his conductor to display a danger signal to a passenger train, but fell asleep on the track and was killed by the train he was attempting to flag; and it was held, in substance, that the statutory provisions are not applicable in case of injuries caused by moving trains in favor of employees whose negligence caused or contributed to the accident. In that case the court quotes with approval from *Railroad v. Burke*, 6 Cold., 45, to the effect that an action will not lie on behalf of an agent or servant whose negligence or willful act caused, or contributed to cause, the accident or collision which occasioned the injury.

Judge Cooper states that this latter clause in the *Coldwell Case* strikes the true note: "The statute was intended for the benefit of the general public, not for the servants of the company, and clearly not for a servant whose negligence caused, or contributed to cause, the accident. The legislature surely never intended that a railroad company by a mere noncompliance with certain forms made obligatory as to a stranger, whether their observance would have prevented the act or not, should become liable to an employee whose plain dereliction of duty caused the accident."

In the language of Judge McFarland in *Railroad v. Robertson*, 9 Heisk., 276: "The liability of the company to its agent for injuries resulting from the misconduct or negligence of that agent must be determined, not by the statute, but by the common-law principles."

Railroad v. Holland.

Under the facts as we find them in the record, we think that there is no liability on the part of the defendant railroad; and the judgment of the court below is reversed, and the cause is remanded for a new trial.

The appellee will pay the costs of the appeal.