Railroad v. Finley.

St. Louis & San Francisco Railroad Company *et al. v.*
Jake Finley.

*(Jackson.*  April Term, 1909.)

1. **PERSONAL INJURIES. Evidence stated and held to warrant peremptory instructions for verdict for defendant.**
The evidence in an action by a railroad employee against the railroad company for personal injuries is stated, reviewed, and held to warrant the granting of a motion for peremptory instructions for a verdict in favor of the defendant, because there was no proof of negligence upon the part of the defendant. (*Post, pp.* 131-133.)

2. **SAME. Failure to introduce certain witnesses raises no presumptions of fact, when.**
Where the plaintiff in an action against a railroad company for personal injuries fails to make out his case, it is not incumbent upon the defendant to introduce any evidence; and therefore no presumption of fact arises from the failure of the defendant to cause certain witnesses of the accident to testify. (*Post, p.* 133.)

3. **SAME. Action for personal injuries received in another State must be tried upon common law principles, where no statute is shown.**
Where, in an action against a railroad company for personal injuries resulting from an accident occurring in another State, and there is no averment and proof of the existence of any statute in that State similar to our statute upon the subject of obstructions upon railroad tracks, the case will be considered upon the principles of the common law. (*Post, p.* 133.)

4.  **STATUTORY PRECAUTIONS TO PREVENT ACCIDENTS
    ON RAILROADS.**  Declaratory of the common law except as
    to burden of proof and absolute liability.

The statute for the prevention of accidents upon railroads is
    simply declaratory of the common law duties of railroad com-
    panies, except in respect of the burden of proof and the abso-
    lute liability imposed upon railroad companies for their failure
    to observe the prescribed precautions.  (*Post, pp.* 133, 134.)

Cases cited and approved: Horne v. Railroad, 1 Cold., 72, 74-76;
    Railroad v. Fugett, 3 Cold., 402, 404; Railroad v. Smith, 6
    Heisk., 174, 176; Burke v. Railroad, 7 Heisk., 451, 463; Rail-
    road v. Connor, 9 Heisk., 19, 21, 22, 23; Railroad v. Humphreys,
    12 Lea, 206; Railroad v. Fleming, 14 Lea, 139; Railroad v.
    Pratt, 85 Tenn., 9, 13, 14, 15; Patton v. Railroad, 89 Tenn., 370,
    377, 378; Railroad v. Wilson, 90 Tenn., 274, 275; Rapid Transit
    Co. v. Walton, 105 Tenn., 416, 422, 423.

5.  **SAME.**  Do not apply to railroad employees on the track in
    the discharge of their duties.

The statutory requirements for the prevention of accidents on
    railroads do not apply to the employees of the railroad com-
    pany while upon its track in the discharge of their duties.
    (*Post, p.* 134.)

Cases cited and approved:  Railroad v. Burke, 6 Cold., 45; Rail-
    road v. Robertson, 9 Heisk., 276; Haley v. Railroad, 7 Baxt.,
    239; Railroad v. Rush, 15 Lea, 145; Railroad v. Hicks, 89 Tenn.,
    301; Taylor v. Railroad, 93 Tenn., 305; Railroad v. Holland, 117
    Tenn., 257.

6.  **RAILROADS.**  Common law applies to employees on the track;
    duty of brakeman to look and listen when sent to flag a train.

It is the duty of a brakeman, under duty to go forward and flag
    an expected train, to look and listen continuously so long as he
    is upon the track, and his failure to do so constitutes such
    contributory negligence on his part as will defeat his action
    for the negligence of the crew of the approaching train, unless
    they see him and can prevent the accident, but fail to do so.

Railroad v. Finley.

These principles are applicable under the common law. (*Post*, *pp.* 134, 135.)

Cases cited and approved: Railroad v. Rush, 15 Lea, 145; Railroad v. Hicks, 89 Tenn., 301; Taylor v. Railroad, 93 Tenn., 305.

7. **SAME. Same. Presumption that brakeman will be alert and watchful in flagging train.**

The crew of the approaching train have the right to assume that the brakeman sent out to warn and signal the train will not go to sleep upon the track, but, on the contrary, that he will be alert and watchful in the discharge of his duties. (*Post*, *p.* 135.)

8. **SAME. Duty of train crew to prevent accident to brakeman asleep on the track or dangerously near it.**

Where such brakeman falls asleep on the track, or so near thereto as to be within the sweep of the train, it is the duty of such train crew to make every effort in their power to stop the train and prevent the accident, if they discover his peril. An avoidable injury inflicted after such discovery would be wanton and inexcusable. (*Post*, *pp.* 134, 135.)

9. **SAME. Same. Brakeman on track cannot justly complain of the absence of a lookout, when.**

Where such brakeman goes to sleep on the track, he cannot complain that such train crew were also negligent in failing to keep a proper lookout. He is bound to know that no one upon the approaching train could contemplate him as having abandoned his duty, and exposed himself to imminent and known danger by going to sleep upon the track, or so near to it as to be struck by the train. (*Post*, *p.* 135.)

FROM SHELBY.

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.

BELL, TERRY, ANDERSON & BELL, for Railroad.

C. H. TRIMBLE, for Finley.

PER CURIAM.

This action was brought in the circuit court of Shelby county to recover damages for an injury inflicted upon the defendant in error by plaintiff in error's railroad train, of which Forsyth was engineer, in the State of Mississippi. There was a demurrer, and judgment in the court below for $2,500, from which the plaintiff in error appealed to the court of civil appeals, and there the judgment was affirmed. A petition has been filed by the plaintiff in error in this court for the writ of *certiorari* to bring the case here for trial.

We have examined the case with care, and are convinced that both the circuit court and the court of civil appeals committed error, and the judgment rendered by each of them must be reversed.

Only one witness testified, the defendant in error himself.  He says that he had left Memphis on the previous night about 7:30 on one of plaintiff in error's trains, and had, with the train, reached, about daylight, or nearly daylight, a station known as Plantersville, in the State of Mississippi.  There the train stopped for the purpose of meeting the north bound passenger train. He testified that his train was under orders to wait at that point for the passenger train, and that he was ordered by the conductor to go forward and notify ·the passenger train that the freight train was so heavy that it could not go in on the side track, which was downgrade, with any expectation of getting out again, and therefore that the passenger train must take the siding; that his duty under these orders was to go down with his red light, and his white light, and with torpedoes, and after lining up the switch, to place the torpedoes upon the track, and then retire further up the track, and, when he saw the passenger train coming, to signal to it with his red light, and then with his white light, and when the train should be stopped, he was to go down and get on the engine, and let the engineer know what he was to do; that is, to go in upon the siding.  He testified that he did line up the switch, and went some ten or twelve telegraph poles down the track, and put out his torpedoes, and came back two or three telegraph poles to the switch, and set his red light and white light on the track. He says then: "I didn't feel sleepy.  I sat on the end of the cross-ties and went to

whittling with my knife, about fifteen or twenty feet behind by lantern, and I dropped off to sleep, and that's the last I remember. . . . I was down on the end of the cross-ties, looking up the track the way the train was coming. . . . The next thing I remember after that, my arm was mashed up. Q. Where were you? A. I was at Plantersville. Q. Did anybody have you at the time you waked up? A. Mr. Forsyth had hold of me on one side, and I don't know who the other fellow was—a passenger off the train. Q. Is that the first you remember, some men had you? · A. Yes, sir. Q. What time, about, was it that these men had you there, and your arm was cut off, and you waked up? A. I don't know the exact hour, but just about sunrise, I suppose." Cross-examination: "You sat down on the tie? A. Yes, sir. Q. How did your arm happen to get run over? A. How did it happen to get run over? Q. Yes. A. I don't know, sir. All I know the engine run over it. I was setting down on the end of the tie with my head on my hand, and before I knew anything it was mashed. Q. You were on the north side of the track? A. On the north side of the track."

This was all of the evidence upon the subject of how the accident occurred. There was a motion entered in the court below for a peremptory instruction in favor of the defendant. We think it should have been granted. It is impossible to say from this evidence, or to conjecture, when the defendant in error's arm fell upon the track. It may have been lying upon the track some-

Railroad v. Finley.

time before the passenger train approached, or it may have fallen across the track immediately in front of the passenger train, too late for the engineer to see it, or to do anything towards preventing the accident. It does not appear that the defendant in error's body was close enough to the train to be struck; only his arm was crushed. As stated, it is impossible to say from this evidence that the employees on the passenger train were guilty of any sort of negligence. It was not incumbent upon the railway company to introduce evidence to show anything upon the subject since the defendant below stopped short of making a case. Therefore no presumption of fact could arise from the failure of the engineer to testify, or from the failure of any employees to testify.

In addition to the view just stated, if we could assume from this evidence that the defendant in error had his arm lying upon the track at the time, and before, the passenger train approached, still he would not be entitled to recover. There is no averment, or proof of the existence of any statute in Mississippi, similar to our statute, upon the subject of obstructions upon railroad tracks. Our cases, however, hold that the statutory provisions above referred to are but declaratory of common-law duties, except in respect of the burden of proof and the absolute liability imposed for failure to use the precautions referred to. *Railroad* v. *Wilson,* 90 Tenn., 274, 275, 16 S. W., 613, 13 L. R. A., 364, 25 Am. St. Rep., 693; *Railroad* v. *Fleming,* 14 Lea, 139; Rail-

*road* v. *Humphreys,* 12 Lea, 206; *Chattanooga Rapid Transit Co.* v. *Walton,* 105 Tenn., 416, 422, 423, 58 S. W., 737; *Patton* v. *Railroad,* 89 Tenn., 370, 377, 378, 15 S. W., 919, 12 L. R. A., 184; *Railroad* v. *Pratt,* 85 Tenn., 9, 13, 14, 15, 1 S. W., 618; *Railroad* v. *Connor,* 9 Heisk., 19, 21, 22, 23; *Burke* v. *Railroad,* 7 Heisk., 451, 463, 19 Am. Rep., 618; *Railroad* v. *Smith,* 6 Heisk., 174, 176; *Railroad* v. *Fugett,* 3 Cold., 402, 404; *Horne* v. *Railroad Co.,* 1 Cold., 72, 74-76. But it is also held that these requirements do not apply to the employees of the railroad company upon its track in the discharge of their duties. *Railroad* v. *Holland,* 117 Tenn., 257, 96 S. W., 758; *Taylor* v. *Railroad Co.,* 93 Tenn., 305, 27 S. W., 663; *Railroad* v. *Hicks,* 89 Tenn., 301, 17 S. W., 1036; *Railroad* v. *Rush,* 15 Lea, 145; *Railroad* v. *Robertson,* 9 Heisk., 276; *Haley* v. *M. & O. Railroad,* 7 Baxt., 239; *Railroad* v. *Burke,* 6 Cold., 45. It has been specifically held that they do not apply to the case of a brakeman, who, while under the duty to go forward and flag an expected train, after setting his white and red lights upon the track, sits down upon the end of a cross-tie and goes to sleep in such a position as to be struck by the train which he was sent out to warn. *Railroad* v. *Rush,* supra. It is the duty of an employee having such commission to discharge to look and listen continuously so long as he is upon the track, and his failure to do so would constitute such contributory negligence on his part as would defeat his action for any negligence of the crew of the approaching train, unless they saw him on

the track, and could have prevented the accident, and failed to do so. *Taylor* v. *Railroad,* supra; *Railroad* v. *Hicks,* supra. These principles are applicable under the common law. The servants of the railroad company in the conduct of an approaching train have the right to assume that a brakeman sent out to warn and signal the train will not go to sleep upon the track, but, on the contrary, that he will be alert and watchful in the discharge of his duties. However, if he should fall asleep upon the track, or negligently sit so near the track as to be within the sweep of the passing train, and there go to sleep, it would be the duty of the company's servant's upon the advancing train to make every effort in their power to stop the train and prevent the accident, if they should discover his peril. An injury inflicted after such discovery would be wanton and inexcusable. When an employee, however, sent out to warn and stop an expected train, so far forgets his duty as to go to sleep upon the track, he cannot justly complain that the servants of the company on the train referred to were also negligent in failing to keep a proper lookout. He is bound to know that no one upon the approaching train could contemplate him as having abandoned his duty, and exposed himself to imminent and known danger by going to sleep upon the track, or so near it as to be struck by the train. We do not think this case is one for the application of what is called the "last clear chance doctrine," discussed in the opinion of the court

of civil appeals, and we express no opinion upon the merits of that doctrine.

We have not in this case applied the rule applicable to the negligence of fellow servants, since the declaration pleads and relies upon a statute of the State of Mississippi, where the accident occurred, which relieves the defendant in error of the disabilities arising out of such relation.

On the ground stated, the judgment of the circuit court and of the court of civil appeals must be reversed, and the suit dismissed, with the costs of this court and of the court below.