## SOUTHERN RAILWAY CO v. EDDIE DeFOE.

Eastern Section. September 3, 1927.

No petition for Certiorari was filed.

1. **Railroads. Negligence. Measure of duty owed at common law is not changed by statute, but statute gives it a different effect.**

   The measure of the duty owed at common law may have been as strict as those enumerated in the statute, which has been held to be declaratory of the common law, yet in such cases the proximate negligence of the plaintiff has a different effect, and that is to bar any recovery.

2. **Railroads. Negligence. A railroad is not required to exercise statutory precautions in a switching operation.**

   The statutory precautions do not apply in a switching operation but in such instances the railroad is required to observe the care and caution which, the conditions demand.

3. **Negligence. Trial. When the evidence of proximate contributory negligence is such that there can be only one conclusion arrived at by reasonable minds there is no question for the jury.**

   When there is no evidence upon which it might be concluded that the plaintiff was not negligent, there is no issue made thereon to be submitted to the jury.

4. **Negligence. Evidence. Evidence held to show plaintiff guilty of contributory negligence which barred his recovery.**

   In an action to recover damages to plaintiff's automobile sustained in a collision where the evidence showed that the train was switching and the evidence further showed that plaintiff was guilty of contributory negligence, no question was made for the jury and the court should have directed a verdict for defendant.

Appeal from Circuit Court, Anderson County; Hon. W. H. Buttram, Judge.

Reversed and dismissed.

Chas. H. Smith, of Knoxville, J. H. Underwood, of Clinton, for appellant.

J. B. Burnett, of Clinton, for appellee.

SNODGRASS, J. Eddie DeFoe, the defendant in error, sued the Southern Railway Company for $500 as damages for injuries to his bus, sustained while it was being driven by him across the railroad tracks of the plaintiff in error at a crossing in Clinton, Tenn. It was alleged in the declaration that the said Railroad Company carelessly and negligently ran its cars in, over and against his said bus, injuring breaking and damaging the same to the extent specified.

There was a plea of not guilty and the cause was heard before the judge and jury, when upon the verdict of the jury rendered in his favor he was awarded a judgment for $150.

Upon the overruling of its motion for a new trial the railroad company has successfully appealed, and has made assignments of error.

Without undertaking to set them out specifically, we think the cause should have been dismissed on the motion of the plaintiff in error because, notwithstanding any negligence that might have been claimed against the railroad company, there is no other conclusion to which reasonable minds could arrive other than that the defendant in error was guilty of proximate contributory negligence, barring any recovery.

Had the case been one to have been determined under the statute, it might have been insisted that it was a case for the jury, where proximate contributory negligence only mitigates and does not bar a recovery. Neither is it a question as to whether or not the declaration sufficiently covered a case of statutory negligence, but rather as to whether or not the facts showed a case to which the statutes apply. Defendant below did not interpose any proof, but at the close of the proof offered by the plaintiff below moved for peremptory instructions, which make the question that the proof showed a case of common-law negligence, if it showed anything, and notwithstanding the measure of the duty owed at common law may have been as strict as those enumerated in the statute, which has been held to be declaratory of the common law, yet in such cases the proximate negligence of the plaintiff has a different effect, and that is to bar any recovery.

The plaintiff's proof showed this to have been a switching operation of the defendant's work train. While the injury was effected on the main line of the defendant at the place in Clinton, Tennessee where Depot street crosses its tracks, nevertheless it was a switching operation, in which the gondola coal car and others were being shoved westward for emplacement elsewhere. In this kind of an operation, where necessarily the engine can not always be in front, the statutory regulations do not apply. Railroad v. Pugh, 95 Tenn. 419, 32 S. W. 311; King v. Railroad, 129 Tenn. 44, 164 S. W., 1181. In the latter case the train, though flagged at a flag station, ran by the station and was backing up. Plaintiff started down the track toward the train and was struck by it as it backed up. This injury was on the

main line, but it was held that this was a switching operation, to which the statute did not apply. In the case of Railroad v. Martin, 113 Tenn., 266-86, 87 S. W., 418, the same principle was recognized, though that case was distinguished from the Clarkson case decided by the same court, where it was held that "if the accident occurs in a switching operation proper and necessary in and about the depot grounds and yards, and whether on or off the street, the company is not required to observe the statutory precautions; though it is required to observe the care and caution which the dangerous condition demands."

All the proof we think shows the switching operations were in the yards and grounds, and therefore the only question is, as to whether the case should have gone to the jury upon the question as to whether or not plaintiff below was contributorily and proximately negligent. Ordinarily this is a question for the jury, but when the evidence of proximate contributory negligence is such that there can be only one conclusion arrived at by reasonable minds, it is a question for the court. When there is no evidence upon which it might be concluded that the plaintiff was not negligent, there is no issue made thereon to be submitted to the jury. The evidence shows that the plaintiff below never looked eastwardly to the right as he approached these tracks, at a time when looking was or would have been required as timely, but back some distance, when the view of this approaching work train might have been obscured, according to the photographs, by the corner of the park, he looked, and thereupon directed his attention westwardly in the direction of the depot to see if a train approached from that direction, and continued upon the track with his attention thus directed until the shoving train was within a short distance of him, too late, he says, to have stopped. There was nothing at all to have prevented him seeing the train in time to have stopped. Had he observed the statute it might have been seen, and while this circumstance alone is not to be taken in this case as negligence per se, and is not to have any effect in common-law cases, it is not meant by the statute to excuse the employment of the facilities within command to discover danger. As stated, had he looked he would have seen in plenty of time to have stopped. Had he stopped, the accident would not have happened. The conclusion that this negligence proximately contributed to his injury is irresistable. There is no fact or inference to interpose itself against such a gravitation of the mind. Under the law, therefore, there was no liability, and the court should have so directed the jury.

The first and second assignments being sustained, that the court should have instructed the jury to return a verdict in favor of the defendant below, and to the effect that there is no evidence to support the verdict of the jury, we have not thought it necessary to discuss

or pass upon the other assignments, which, if sustained, would have the effect merely of granting a new trial.

It results that the case is reversed and dismissed, with costs against appellee.

Portrum and Thompson, JJ., concur.