## BELT RY. CO. v. VAUGHN.

Eastern Section. March 25, 1933.

Petition for Certiorari denied by Supreme Court, June 24, 1933.

Lynch, Bachman, Phillips & Lynch, of Chattanooga, for plaintiff in error.

M. R. Bernhardt, John Early, and W. T. Murray, all of Chattanooga, for defendant in error.

CASSELL, S. J. Action at law in the circuit court of Hamilton County for $500 damages before a Justice of the Peace, the summons stating that "the defendant did wrongfully, negligently and carelessly move and operate a train of cars along one of their tracks in the City of Chattanooga without any one on the lookout ahead, onto, over and against the plaintiff, wounding, bruising and injuring him in his head, body and limbs."

There was a judgment of the Justice of the Peace for $500, which, on appeal of the Belt Railway Company, was affirmed by the Judge and Jury, and on motion for a new trial a remittitur of $200 was suggested by the trial court, accepted by plaintiff, and judgment entered for $300, from which the railway company has appealed and assigned errors. The first three assignments of error go to the question of liability and will be treated first.

The facts in the case are substantially these: Plaintiff's suit is brought by next friend of a sixteen year old boy; the accident happened on a portion of the Belt Railway Line in Chattanooga, which occupied part of a street—probably one-third of a street—and the railway is on one side; on the other side of the track at the particular place where the boy was hurt there are some buildings which parallel the track, and an engine and train on the railway track must and did pass with a clearance space of only six or eight inches between the side of the engine and cars and these buildings. The place where the boy was injured is very clearly shown by a photograph filed as Exhibit No. 1 to the testimony of the injured boy, and the paved portion of the street at the point of the accident is also shown by said photograph. We thus have a railroad operating along one side of and on a street, and said street, being paved, is used by the public for the purpose of travel and moving of goods by truck and for the ordinary purposes of business. Likewise the railway company uses its tracks for railway purposes.

It seems that just before the accident the boy had been standing on the street near the railway track where a number of trucks, some ten or twelve, were hauling sand. The boy handed a cigarette to one

of the drivers of the trucks, or had occasion to get one from him, and about that time a train approached, and, according to the testimony, the boy did not see the train until it was close to him, and on account of the trucks, there was not enough room on the side of the train next to the street for the boy to pass onto the street at that particular place, so he crossed over the railway track and stood next to the buildings for the train to pass by, hoping, no doubt, that there was enough clearance space between the buildings and the track for him to be safe. When the train came along, however, the engine brushed him as it went by, and he was caught between the train and the building, and was rolled, mashed, and injured. His head was injured, and his clothes partially torn from him, and his body bruised. The injury in the head seems to be more or less permanent, as he bleeds at the nose frequently, which he did not do before the accident. The train was composed of some five or six cars, which were pulled by an engine running backwards; that is, with the tender in front. It is claimed by the railway company that those on the engine did not see the boy, and hence knew nothing about the accident until he was hurt or until afterwards.

The plaintiff's evidence is to the effect that no one was on the lookout ahead on the engine, but this is disputed by the defendant. A jury has passed on the evidence in favor of the plaintiff, and the verdict of $300 has been approved by the Judge as above stated.

Under the facts in the case as found by the jury, we think that while the boy was negligent yet he was placed more or less in a place of sudden peril. The evidence shows that there was not room on the side where the trucks were for the boy to keep from being struck, so he went across the tracks, and there is material evidence in the case to sustain the finding of the jury in this case.

Furthermore, there is evidence in the record tending to show that, where any engine is run backward like this, obstructions on the track cannot be seen so well as when the engine is run forward in the proper manner; that is, with the tender behind. For the reasons before stated, and because the verdict of the jury was in favor of the plaintiff on the facts, the first three assignments of error are overruled. See Railroad v. Dies, 98 Tenn., 655, 41 S. W., 860; Cincinnati, N. O. & T. P. R. R. v. Davis (C. C. A.), 161 Fed., 334.

The fourth and fifth assignments of error go to the excessiveness of the verdict, and the point is made that the jury ignored the charge of the court to reduce the damages in case the plaintiff was negligent and, in fact, that the jury did not mitigate the damages at all. We do not believe that these assignments should be sustained. The boy was taken to the hospital, where he remained for eight or ten days, and suffered pain, and, as stated above, seems to be injured in the head and ear, was bruised in other parts of his body, and suffered injuries from which he had not, at the time of the trial, entirely

recovered, and which, from the evidence, may be and probably are permanent. We do not think the verdict is excessive and these assignments are likewise overruled.

The last two assignments of error (6 and 7) go to the charge of the court. We do not think, under the facts in the case and under the law, as we understand it, that there is any error in the charge of the Judge, especially when the whole charge is construed or taken together. The point is made that the court committed error in charging that it was defendant's duty to keep a lookout to the rear of the train. It should be remembered that the train was being run in violation of the law, that under our holdings it is impossible for railway employees to keep a proper lookout when trains are run backwards, and that there is evidence to the effect that obstructions on or near the track could not have been seen as readily while the train was run in this manner as if the engine had been running in the ordinary way with the tender behind the engine.

The point is also made in the brief of plaintiff in error that there was no obligation on the part of the railway company to observe statutory precautions because the accident happened in the switch yards of complainant, but the facts in this case do not justify this position. There is no proof in the record that there are any switch yards at the point where the boy was injured, and there was only one track where the train ran; furthermore, the business of the plaintiff in error is that of a belt railway which has no depots, and, as we understand it, no switch yards, certainly none at the place of the accident.

For these reasons, we think that the obligation was incumbent upon the plaintiff in error to observe statutory precautions, and, under the evidence in this case we believe that, if it had been done, there would not have been any accident. We therefore overrule the contentions of the plaintiff in error and affirm the action of the lower court and jury, with costs.

Portrum and Thompson, JJ., concur.