Railroad *v.* Meacham.

RAILROAD *v.* MEACHAM.

(*Jackson.*   April 23, 1892.)

1. RAILROADS.   *Measure of liability to trespassers on trains.*

Railroad company owes no duty to an intruder upon its train engaged otherwise than in transportation of passengers, except to refrain from willfully, wantonly, or intentionally injuring him.   It is not liable for injury resulting incidentally to such intruder from the mistake, inadvertence, or negligence of its servants in operating such train.

2. SAME.   *Same.   Who is a trespasser.*

And a person is a trespasser, who, without invitation of an authorized agent, and without payment of fare, takes passage upon a timber-train, which is forbidden to carry other than those engaged in the shipment of lumber, he not being of that class.

Case cited and approved: Railroad *v.* Wilson, 88 Tenn., 316.

3. SAME.   *Case in judgment.*

The plaintiff, without invitation or payment of fare, was traveling upon a timber-train, forbidden to carry passengers, upon defendant's road. In a collision, brought about by the negligence of defendant's servants in operating this timber-train, the plaintiff, in leaping from the train, was injured.

*Held:* The plaintiff was a trespasser, and not entitled to recover, except for willful, wanton, or intentional injury by defendant, and the Court should have so instructed the jury.

FROM WEAKLEY.

Appeal in error from Circuit Court of Weakley County.   W. H. SWIGGART, J.

JOSEPH E. JONES for Railroad.

CHARLES M. EWING for Meacham.

LEA, J.   This action was brought in the Circuit Court of Weakley County by James M. Meacham to recover damages alleged to have been sustained by him as the result of an injury inflicted on him by reason of a collision of two trains.   It is alleged that the injury inflicted was caused by the carelessness and negligence of the employes, agents, and servants of the railroad company in charge of and operating said trains.

The train upon which defendant in error was riding, and in jumping from which he was injured, was a timber-train, upon which no persons were allowed to be carried except the employes of the train, the timber contractor, and his hands engaged in loading the cars.   There is no pretense that defendant in error was either.   He was not on the train by invitation of any one who had authority to invite him, nor did he pay any fare.

The Court, among other things, charged:

"If you find that the plaintiff was a trespasser on defendant's train engaged in taking of timbers, and going from McConnell to Martin, and while said train was making said trip on the defendant's line of road a collision occurred between said train going south and another train of defendant going north, and which was moved and operated by the servants of the defendant, and a wreck was

thereby caused, and that said collision 'was the direct or proximate result and consequence of the negligence, carelessness, or recklessness of the defendant's servants engaged in moving and operating said trains, or either one of them, and that the plaintiff was compelled to jump from said train to the ground just before said collision occurred, and that he received the injury as charged in the several counts in the declaration by reason of said jumping from said train under such circumstances, and that the plaintiff himself was acting in a prudent and cautious manner while so on said train so far as his safety was concerned, and that he was not guilty of any other fault or negligence tending to contribute to the injury, except the mere fact that he was on the train without any right to be thereon, then, under such circumstances, he would have the right to recover, notwithstanding the fact that he may have been a trespasser on defendant's train."

And he further adds: "Yet, if the plaintiff was on the train wrongfully, and was a trespasser, it would be the duty of defendant's servants, while so operating and moving said train, to use ordinary care and prudence to prevent an accident or injury to plaintiff, such as would be ordinary and reasonable under the circumstances."

This charge was erroneous. The defendant in error being an intruder upon the train, plaintiff in error owed him no such duty as to render it liable for the mistake, inadvertence, or negligence

of its employes. The only duty due by the railroad company to one who is an intruder upon its train not used for transporting passengers, is to refrain from wantonly, willfully, or intentionally injuring him. If the proof had developed that the collision in this case was designed and brought about with the intent and for the purpose of injuring the defendant in error, although an intruder, he would be entitled to recover, otherwise he would not.

In case of *Railway Co.* v. *Wilson, Adm'r,* 88 Tenn., it was determined by this Court that a baggage-master, who had left his baggage-car and got upon the engine, and in a collision—by the negligence of the engineer of the other colliding train—was killed, his administrator could not recover, because he was an intruder upon the engine.

The text-books and opinions of the Courts of quite a number of the States have been uniform that the company owed no duty to an intruder upon its freight-trains upon which passengers were not carried, except the duty not to wantonly or willfully injure him. Rorer on Railroads, Vol. II., 1113, Sec. 19; Am. and Eng. R. R. Cas., Vol. IV., 599.

The judgment is reversed and cause remanded. The defendant in error will pay cost.