LOUISVILLE & N. R. CO. v. WOMACK et al.

(Circuit Court of Appeals, Sixth Circuit. November 8, 1909.)

No. 1,947.

1. RAILROADS (§ 359*)—INJURIES TO TRESPASSERS ON TRACK—DEGREE OF CARE REQUIRED.

Under the common law a railroad company owes no duty to a mere trespasser, on its tracks without the consent of any one having authority to permit his presence, except to do him no intentional or wanton injury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1238, 1239; Dec. Dig. § 359.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. Railroads (§ 400*)—Injury to Persons on Track—Actions—Questions. for Jury.**

Evidence *held* sufficient to warrant the submission to the jury of the question whether the employés of a railroad company, in charge of the engine of a freight train, which collided with a hand car, complied with Shannon's Code Tenn. § 1574, subsec. 4, which provides that the engineer, fireman, or some other person on the locomotive shall be kept always upon the lookout ahead, and that when any person, animal, or other obstruction appears on the road the alarm whistle shall be sounded, the brakes put down, and every possible means employed to stop the train and prevent an accident; there being evidence that the persons upon the hand car saw the engine when 200 yards distant, but that those on the engine did not see the hand car until within a car's length.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1367, 1373; Dec. Dig. § 400.*]

**3. Appeal and Error (§ 263*)—Questions Presented by Record—Necessity of Exceptions to Instructions.**

It is the settled rule of the federal courts that a charge not excepted to below cannot be assigned as error in a court of review.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1532; Dec. Dig. § 263.*]

**4. Appeal and Error (§ 241*)—Review—Estoppel to Allege Error.**

A motion by defendant at the close of the evidence for a directed verdict, although not required by the practice of the Circuit Court of Appeals to specify the grounds on which it is based, will not be considered by such court as embracing the question of the applicability of a state statute to the facts of the case, where it was tried by both parties on the theory that the statute was applicable, and submitted to the jury by the court on such theory by instructions to which no exceptions were taken.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 241.*]

In Error to the Circuit Court of the United States for the Eastern District of Tennessee.

Action by Mary Womack and others, by N. S. Nicholson, as next friend, against the Louisville & Nashville Railroad Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

J. H. Frantz, for plaintiff in error.

M. R. Waite, for defendants in error.

Before LURTON, SEVERENS, and WARRINGTON, Circuit Judges.

LURTON, Circuit Judge. This is an action of tort for the alleged negligent killing of Levi Womack, the father of the plaintiffs below, who sued by their guardian, N. C. Nicholson. There was a jury, verdict for $1,000, and judgment thereon. The railroad company has sued out this writ of error.

It is assigned as error that the court denied the request of the plaintiff in error that the jury should be instructed to find a verdict for the railroad company. The deceased came to his death through a collision between a hand car and a freight train. He, together with seven others, four of them being women, had obtained one of the railroad company's hand cars and were operating it for their own pleasure upon the main track of the railway company's line in the early morning of June 17, 1906. The point where they began their perilous ride was

a mile or more north of where the company's line in Polk county, Tenn., crosses the bridge over the Hiwassee river. The car proceeded south, and upon reaching a point upon the trestle approaching the bridge came suddenly into collision with a train coming from the south, with the result that five of the occupants of the hand car were killed. There was some evidence that a special gang section foreman consented—though saying at the time that it was against the company's rules—that John Brinkley, one of his gang not that day on duty, might take the car out for a pleasure ride with some of his friends; he assuming the care of it. It was clearly shown that the company's rules absolutely forbade the use of such cars, except in the service of the company, and that the foreman had no authority to consent to any such use of the car. Brinkley was one of the men killed in the collision. The friends of Brinkley who were taken upon the car were neighboring young men, not in the service of the company, and their wives or sisters.

The trial judge, upon the facts of the case, instructed the jury that the occupants of the car were trespassers, and guilty of negligence in being where they were. This was plain law, and it followed that under the common-law counts of the declaration there could have been no recovery, in the absence of evidence that they were actually seen by the men operating the engine of the freight train in time to have stopped the train before a collision.

In Railroad v. Meacham, 91 Tenn. 428, 431, 19 S. W. 232, the court, in reference to an action for injury sustained in jumping from a timber train, which came into collision with a freight train, the plaintiff being on the train without the consent of any one having authority to permit his presence, reversed a judgment for the plaintiff, saying:

"The only duty due by the railroad company to the one who is an intruder upon its train, not used for transporting passengers, is to refrain from wantonly, willfully, or intentionally injuring him. If the proof had developed that the collision in this case was designed and brought about with the intent and for the purpose of injuring the defendant in error, although an intruder, he would be entitled to recover; otherwise, he would not."

In Railroad v. Williford, 115 Tenn. 108, 88 S. W. 178, it was held that one riding on an engine, not in the performance of any duty, is in a place of unnecessary danger, and that the only duty of the company toward such person is to avoid injury by any wanton or willful act.

In Kansas City, etc., Railroad v. Cook, 66 Fed. 115, 121, 13 C. C. A. 364, 370, 28 L. R. A. 181, we had to consider the care required from a railroad company at common law in respect to a trespasser upon its tracks in the yards of the company. In that case the court, after saying that the plaintiff was where he was without the invitation or consent of any one having authority to suspend the rules of the company forbidding the use of the tracks in the yards by strangers, said:

"Having no legal right to be where he was, the company stood in no such relation to him as it would to one at a street crossing, or to a passenger, or to an employé whose duty kept him in the yard. Aerkfetz v. Humphreys, 145 U. S. 420, 12 Sup. Ct. 835, 36 L. Ed. 758. It was negligence per se for one to intrude himself into such a place, and his presence there imposed no particular duty upon the company, except that general duty which every one owes to every other person to do him no intentional wrong or injury. Its lia-

bility for failure to discharge this duty can only arise when it becomes aware of the danger in which he stood."

This case has been approved by this court in Felton v. Aubry, 74 Fed. 350, 356, 20 C. C. A. 436, and B. & O. Ry. v. Anderson, 85 Fed. 413, 416, 29 C. C. A. 235.

In Singleton v. Felton, 101 Fed. 526, 528, 42 C. C. A. 57, 59, this court, in a case where a trespasser upon a construction train was injured through a negligent collision, said:

"Actionable negligence presupposes some duty owed to the person asserting a right of action by the defendant, and a breach of that duty. What was the relation between the deceased and the receiver? What duty was due by the receiver to him? He was not a passenger. The train was a construction train, and persons other than employés were rigidly excluded therefrom. He knew the rule of the railroad in this particular. He did not have the permission of the conductor or other employé on the train as an excuse for his presence, and thus we are not called upon to deal with the question as to whether the consent of an employé, who had no power to consent, would create a relation and impose a duty towards him. His presence on the train was unknown to those operating it. He was therefore unlawfully upon a train not intended for passengers, and, but for his own wrongful conduct in intruding himself there, would not have lost his life. He was not willfully injured. There was no intent to bring about the collision which cost him his life. His presence on the train being unknown, the rule which requires the exercise of ordinary care to avoid unnecessary injury to a trespasser after his presence and danger are observed has no application. The defendant, upon the facts, owed no duty to the deceased, and no action will lie for the negligence of the servants of the plaintiff by which the collision occurred. Actionable negligence consists in the failure to exercise that degree of care towards the plaintiff which was due to the plaintiff by the defendant under the circumstances of the case. That the servants of the defendant were under an obligation to exercise care in the movement of trains in order to prevent collisions may be conceded. This duty they neglected. But that was not a duty owed to the deceased under the facts of this case, and the breach of duty by which the collision occurred was not a duty to the deceased."

To the same effect are the cases of St. L. & S. F. Ry. Co. v. Bennett, 69 Fed. 525, 16 C. C. A. 300, and Northern Pacific Railway v. Jones, 144 Fed. 47, 49, 75 C. C. A. 205.

Stripping the case of all else, the trial judge submitted the plaintiff's case solely upon the count which charged a violation of the Tennessee statute regulating the operation of railway trains, and upon the question as to whether the railway company had complied with that statute. The applicable statute is as follows:

Shannon's Code Tenn. § 1574, subsec. 4:

"Every railroad company shall keep the engineer, fireman, or some other person upon the locomotive, always upon the lookout ahead; and when any person, animal, or other obstruction appears upon the road, the alarm whistle shall be sounded, the brakes put down, and every possible means employed to stop the train and prevent an accident."

Shannon's Code Tenn. §§ 1575, 1576:

"Every railroad company that fails to observe these precautions, or cause them to be observed by its agents and servants, shall be responsible for all damages to persons or property occasioned by, or resulting from, any accident or collision that may occur.

"No railroad company that observes, or causes to be observed, these precautions shall be responsible for any damage done to person or property on its road. The proof that it has observed such precautions shall be upon the company."

It will be observed that by the express terms of the statute the burden of showing compliance with the statute is placed upon the railroad company. The observation in Virginia & S. W. Railway Co. v. Hawk, 160 Fed. 348, 87 C. C. A. 300, that the burden was upon the plaintiff to show noncompliance was pure obiter, being in no way involved in the case. It was an erroneous statement of the law, for we have in many cases recognized and applied the statute as controlling in this court.

The construction of this statute by the Supreme Court of the state has also been regarded as furnishing a rule of decision for this court, when such interpretation is plain and consistent. The undoubted interpretation of this statute by the Tennessee court is that the precautions prescribed are mandatory, and that, while an impossibility is not to be understood as required, nevertheless every precaution required must be followed so far as time will permit. Although that eminent jurist, Justice Cooper, in Holder v. Railroad, 11 Lea (Tenn.) 176, 178, expressed grave doubt as to the correctness of the ruling that the omission of a precaution which would have been plainly useless is ground of liability, yet it is well settled that there is a statutory liability whenever there is a failure to comply fully with the statute, so far as time will allow, and that it is no defense to show that the omission could not have contributed to the accident. Chattanooga Transit Company v. Walton, 105 Tenn. 415, 420, 58 S. W. 737.

This disposes of the exception reserved to the charge because the court charged the jury that if the whistle was not blown the statute was not complied with, if there was time to blow, although the failure to blow had nothing to do with the collision.

So, also, has the statute been construed as entitling the plaintiff to recover in a case when the statute was applicable, irrespective of his own contributory negligence, however great. L. & N. R. R. Co. v. Burke, 6 Cold. (Tenn.) 45; Railway Company v. Foster, 88 Tenn. 672, 13 S. W. 694, 14 S. W. 428; Railroad Company v. Acuff, 92 Tenn. 26, 20 S. W. 348. This construction as to the absolute character of the statutory liability has been repeatedly followed by this court. Western & Atlantic Ry. v. Roberson, 61 Fed. 592, 603, 9 C. C. A. 646; Byrne v. Kansas City, etc., Railway, 61 Fed. 605, 614, 9 C. C. A. 666, 24 L. R. A. 693; Rogers v. Cincinnati, etc., Railroad, 136 Fed. 573, 69 C. C. A. 321.

The learned trial judge, notwithstanding the character of the deceased as a trespasser guilty of great negligence, instructed the jury, in accordance with the settled construction of the Tennessee statute, that such negligence must be regarded as a mitigation of damages, but would not go in bar of the action. In view of the arbitrary character of the statute in imposing an absolute liability, regardless of the negligence of the plaintiff, the Tennessee court has construed it as for the benefit of the general public, and not applicable to employés while about the service of the company. L. & N. R. R. v. Burke,

6 Cold. 45; Railroad v. Rush, 15 Lea, 145, 149; Railroad v. Holland, 117 Tenn. 257, 96 S. W. 758.

For the same reason the court has limited the operation of the statute to cases in which the intent that it should apply is manifest. Thus, in Railroad v. Rush, 15 Lea (Tenn.) 145, 149, it was said by the court, speaking by Justice Cooper:

"But in view of the stringent terms of the act, and the manifest object of the Legislature, the court has not extended its provisions to every case which might be embraced in its general language."

Thus it has been held not to apply to a passenger on a train injured by a collision brought about through failure to comply with its terms. The liability in such a case must depend upon common-law principle. L. & N. R. R. Co. v. McKenna, 75 Tenn. 313.

In Holder v. Railroad, 11 Lea (Tenn.) 176, it was held that there was no statutory liability unless the injury was the direct result of being struck by a moving train. An animal running ahead of a moving train was injured by jumping off of a trestle. It was held that, not having come into collision with the train, the liability would depend upon common-law principles.

In Railroad v. Reidmond, 11 Lea (Tenn.) 205, and Railroad v. Howard, 90 Tenn. 144, 19 S. W. 116, it was held that the statute does not come into operation until the person, animal, or obstruction comes within striking distance of the train. We followed and applied this construction in Rogers v. C., N. O., etc., Railway, 136 Fed. 573, 69 C. C. A. 321.

In Railroad v. Burke, 6 Cold. (Tenn.) 45, and Railroad Company v. Rush, 15 Lea (Tenn.) 145, 150, it was said that:

"The statute was intended for the benefit of the general public, not for the servants of the company."

In accord with this are Railroad v. Robertson, 9 Heisk. (Tenn.) 276, and Haley v. Railroad, 7 Baxt. (Tenn.) 239, where it was ruled that the statute did not apply to employés about its yards.

In Cox v. Railroad, 2 Leg. Rep. 168, it was held to have no application to a stranger in the switching yards. Nor in any case where the plaintiff is a servant whose negligence contributed to the collision. Railroad v. Rush, 15 Lea, 145.

In Railroad v. Hicks, 89 Tenn. 301, 17 S. W. 1036, the statute was held not applicable to a railway employé using a railway velocipede in discharge of his duty.

In Railroad v. Holland, 117 Tenn. 257, 96 S. W. 758, it was again held that the statute is for the benefit of the general public only, and was not applicable to an employé using a velocipede for his own convenience and without consent of the company.

In Rogers v. Railroad, cited before, we held the statute not applicable to men doing construction work, whose duty kept them on or about the track, although not the direct servants of the railway company, but employés of a contractor doing such work for the company.

The court below submitted the case to the jury upon the single question as to whether the statute had been complied with, though he expressed the opinion that every requirement of the statute had been

complied with which was possible after the car was seen or could have been seen, saying very plainly, however, that they must for themselves determine this question of fact. Upon this single issue the jury manifestly found for the plaintiff. It is now urged that there was no such conflict in the facts as to make an issue to go to the jury, and that the court erred in not directing a verdict. Upon this point we have carefully examined the record, and are convinced that there was some material evidence upon which it was right to take the opinion of the jury. Thus, the men upon the engine say that they were upon the lookout ahead and did not see the approaching hand car until they were practically within a car length of it, and that they put on the brake and shut off steam, but before the brake could take effect the collision occurred, and that there was no time to do anything more. The speed of the train was about 15 miles per hour, and that of the hand car about the same. The survivors upon the hand car say that they saw the stack and front of the engine at a distance of 200 yards; that they applied the brake, and did all they could to stop the car; that it was slowing down, but, seeing a collision almost certain, they jumped off. Now it is plain that if the train could be seen by those upon the hand car at a distance of 200 yards, the lookout upon the engine ought to have seen the hand car nearly as soon. The only obstacle to a clear vision for a mile or more was a summer morning fog hanging on the river where it was crossed by the railway bridge. There was a conflict of opinion as to the thickness and height of this fog at this bridge, and as to its effects in hiding the approach of the train and hand car to each other. It cannot be said that there was not material evidence from which the jury might have inferred that, if the men on the engine had been as watchful for persons or obstructions upon the track as the statute, under the construction of the Tennessee court, required them to be, they might have seen this hand car before they say they saw it, and might have had time to have done more than they actually did do when they did see it. If, therefore, the statute was applicable upon the facts of the case, there was no error in letting the plaintiff go to the jury upon the question of whether it had been complied with so far as possible.

The learned counsel for the plaintiff in error now urge very strongly that upon the undisputed facts of this case the statute was not applicable, and that it was error to submit to the jury any question as to whether its rigid requirements had been complied with. They urge that, if it was not applicable, the company was under no other duty with respect to the plaintiffs as trespassers upon its hand car than to do all that could be done after this hand car was actually observed to be in danger of coming into collision with the train. It is also said that under the ruling in L. & N. R. R. Co. v. McKenna, 75 Tenn. 313, the statute does not apply when a passenger is injured in consequence of a collision which might have been avoided by observance of the statute, and that the liability must rest upon common-law principles; that under this construction of the statute, the statute had no application, even if the deceased be regarded as rightfully being transported as a passenger upon one of the company's vehicles. The difficulty which lies in the way of considering the case in either aspect is

that the case was tried out below upon the theory that the statute was applicable and had been complied with. The court so charged the jury, and no exception to this was reserved. Nothing is better settled than that a charge not excepted to below cannot be assigned as error in a court of review. Some of the cases in which this plain rule of practice has been applied are Rogers v. Ritter, 12 Wall. 317, 320, 20 L. Ed. 417, Upton v. McLaughlin, 105 U. S. 640, 644, 26 L. Ed. 1197, Storm v. U. S., 94 U. S. 76, 81, 24 L. Ed. 42, and Express Co. v. Kountze Bros., 8 Wall. 358, 19 L. Ed. 457.

But it is said that the denial of a peremptory instruction includes every ground upon which it ought to have been granted, whether stated or not. We have never regarded this court as concluded by the reasons stated by a trial judge for his action upon a motion for a peremptory instruction upon the close of the evidence. If the ruling was right upon any ground, it would be folly to reverse. Neither have we required that the grounds or reasons upon which such an instruction was asked should be always stated by counsel and shown by the record, when such denial is relied upon as error under an exception reserved, as seems to be the practice in the Seventh Circuit Court of Appeals. Adams v. Shirk, 104 Fed. 54, 43 C. C. A. 407. We have indulged the presumption, whether such a motion was allowed or disallowed, that it embraced an insufficiency of evidence upon any clear issue upon which the case was submitted to the jury. But we think this practice should not apply when it involves, as it does here, the necessity of holding that the court ought to have peremptorily instructed the jury upon a matter of law in direct conflict with the theory upon which the parties had tried the case, and with the charge of the court that the statute was applicable, to which no exception was taken. It is not just to the parties, nor to the trial judge, to permit this question to be raised for the first time in this court, when, as here, it is shown upon the record that the converse of the point now made was ruled by the court below, and no objection reserved.

Judgment affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rop'r Indexes