### CRONOPOLOUS v. PENNSYLVANIA CO.

(Circuit Court of Appeals, Sixth Circuit.  March 5, 1919.)

### No. 3205.

1. RAILROADS ⊜359(1)—INJURY TO PERSON ON TRACK—DUTY TO TRESPASSERS.
    A railroad company is not liable for injury to a trespasser on its tracks, unless its employés knew, or were chargeable with notice, that he was in danger, and nevertheless proceeded wantonly or with reckless indifference.

2. RAILROADS ⊜391(1)—LIABILITY FOR INJURY TO PERSON ON TRACK—TRESPASSER—WANTON ACTS.
    A flying switch of cars, while dangerous, when made in the yards or private right of way of the railroad company, does not indicate wantonness or reckless indifference of employés making it towards a trespasser, of whose presence they are not shown to have had knowledge.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action at law by Thomas Cronopolous against the Pennsylvania Company. Judgment for defendant, and plaintiff brings error. Affirmed.

In the court below a verdict was instructed in favor of the defendant company in the action which Cronopolous had brought against it to recover his damages for injuries from one of the company's locomotives. Through some injury to a car or a package, potatoes, which were being transported by the railroad company, had been scattered on the ground alongside of, and perhaps between the rails of, one of its tracks along its private right of way in the city of Canton and in the interval between two streets which crossed the right of way at right angles. In the early evening, but after dark, Cronopolous and a companion were engaged in picking up these potatoes. While they were so engaged and were alongside the track, one of defendant's yard engines came up in some switching operation; it was pushing four cars and pulling four. Two men on the engine, presumably the defendant's engineer and fireman, saw and spoke to the two men picking up potatoes. Cronopolous filled the basket and went home with it. He came back after more, and then his companion went home with another basketful, intending to empty it and return. While thus alone, and between or near the rails, and facing west as he was picking up potatoes and progressing in that direction, Cronopolous was struck by freight cars coming from the east making a flying switch, and which approached without light or warning.

Wm. J. Dawley and Francis R. Marvin, both of Cleveland, Ohio, for plaintiff in error.

Thomas M. Kirby, of Cleveland, Ohio, for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

---

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

DENISON, Circuit Judge (after stating the facts as above). [1] It is plain that plaintiff was a trespasser upon the railroad property. He was not merely there without any license or right; he was engaged in appropriating to his own use property in which the railroad had at least a bailee's title. As between himself and the railroad, he was stealing the railroad property. There is no reason why there should be, in his favor, any relaxation of the rule as to injuries to a trespasser, which rule goes at least as far as to hold that the railroad is not liable for such injury unless its employés knew or were chargeable with knowledge that he was in danger, and nevertheless proceeded wantonly or with reckless indifference. Kansas City Co. v. Cook (C. C. A. 6) 66 Fed. 115, 121, 13 C. C. A. 364, 28 L. R. A. 181; Louisville Co. v. McClish (C. C. A. 6) 115 Fed. 268, 273, 53 C. C. A. 60; Felton v. Aubrey (C. C. A. 6) 74 Fed. 350, 356, 20 C. C. A. 436; Louisville Co. v. Womack (C. C. A. 6) 173 Fed. 752, 754, 97 C. C. A. 559; Dickson v. Chattanooga Co. (C. C. A. 6) 237 Fed. 352, 354, 150 C. C. A. 366, L. R. A. 1917C, 464. There is no testimony fairly tending to bring Cronopolous within the protection of this rule. In the first place, there had been a substantial interval after he was seen by the engine crew and before he was hit. In the meantime, he had filled his basket and gone away. If the engine crew had then investigated, they would have found he was not there. No railroad man saw him after the beginning of that second trespass during which he was hurt.

[2] In the next place, it is the merest surmise that the flying switch was being made by the same switching crew, members of which had seen him a while before. The first engine, with its cut of cars, had gone back to the east. The yards were located about a block east, and the cars which hit plaintiff were propelled from that direction and from or from near the yards. Even if we overlooked the fact that the flying switch was presumptively ordered by a yardmaster or by a conductor, and that neither one of these would naturally have been on the first engine, still there is an entire lack of connection between the employés who saw the plaintiff and the employés who later caused the injury. It cannot be thought that notice to the first engine crew of the temporary presence of these trespassers imposed on that crew any duty to give notice to the remainder of the defendant's employés in and about the yards. Thirdly and finally, when the engine crew saw plaintiff, he was in a place of safety. Notice that plaintiff, upon one trip of the engine, had been picking up property along the right of way, but at a safe distance from the tracks, would not be notice that upon the next trip he would be between the tracks or close to the rails. A flying switch is dangerous, and suggests, if it does not import, negligence as against strangers rightfully upon the track; but, where it is used in the yards or private right of way, we are not prepared to say that it indicates wantonness or reckless indifference, as against those of whose presence there is no more notice than here appears.

We are compelled to think that, under the undisputed facts, plaintiff was in a place of danger solely at his own risk, and that there was no evidence justifying recovery.

The judgment is affirmed.