### McDOWELL v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. April 15, 1919.)

No. 5218.

CRIMINAL LAW ☞753(1)—TRIAL ☞178—MOTION FOR DIRECTED VERDICT—EFFECT.

It is the practice in the Eighth circuit to regard a general motion or request for a directed verdict, in either a civil or criminal case, as challenging the legal sufficiency of the evidence for a contrary conclusion.

In Error to the District Court of the United States for the District of North Dakota; Martin J. Wade, Judge.

Criminal prosecution by the United States against James McDowell. Judgment of conviction, and defendant brings error. Reversed.

Sullivan & Sullivan, of Mandan, N. D., and E. T. Burke, of Bismarck, N. D., for plaintiff in error.

Melvin A. Hildreth, U. S. Atty., of Fargo, N. D. (John Carmody, Asst. U. S. Atty., of Fargo, N. D., on the brief), for the United States.

Before HOOK and CARLAND, Circuit Judges.

HOOK, Circuit Judge. James McDowell was convicted of perjury at the trial of one Joseph Couture for stealing a horse belonging to the United States. A writ of error in Couture's case was recently disposed of by this court. —— C. C. A. ——, 256 Fed. 525. At the conclusion of the evidence in this case, McDowell asked the court to direct the jury to acquit him. The denial of the request is assigned as error.

The bill of exceptions certified as containing all the evidence at the trial wholly fails to show false swearing by the accused. In fact, it does not appear that he even testified at the trial of Couture. Doubtless with this in mind, counsel for the government say that, as no grounds appear in the motion for a directed verdict, it will be presumed that there was sufficient evidence of guilt. Our practice has been to regard a general motion or request for a directed verdict as challenging the legal sufficiency of the evidence for a contrary conclusion, and we are constantly applying it. It is in harmony with the practice in the Sixth circuit (Louisville & N. R. Co. v. Womack, 97 C. C. A. 559, 566, 173 Fed. 752, 759), though not with that in the Seventh circuit (Adams v. Shirk, 43 C. C. A. 407, 104 Fed. 54). Counsel argue the

question whether the theft of the horse which was bought by or for an Indian was, in view of certain special circumstances and conditions, a theft of "property of the United States" within the meaning of the statute (section 47, Penal Code [Act March 4, 1909, c. 321, 35 Stat. 1097; Comp. St. § 10214]) under which Couture was prosecuted, but in the state of the record we do not think we should consider it.

The sentence is reversed, and the cause is remanded for a new trial.