## McCARTY v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. July 2, 1924.)

No. 4014.

1. **Criminal law** ⬤⟲1186(4) — **Defect in indictment and proof held not ground for reversal.**

That an indictment for a third offense, under Prohibition Act, did not expressly allege, nor the proof show, that the offense was the third, or that second conviction was for offense committed after first conviction, were defects which did not affect substantial rights of defendant, and, where they were not called to the attention of the trial court, are not ground for reversal, under Judicial Code, § 269, as amended (Comp. St. Ann. Supp. 1919, Comp. St. Ann. Supp. 1923, § 1246).

2. **Criminal law** ⬤⟲1044—**Effect of motion for instructed verdict limited to specific ground alleged.**

A motion for an instructed verdict, when based upon a specific ground, does not reserve for the appellate court some other nonobvious reason which might justify the request.

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Criminal prosecution by the United States against William J. McCarty. Judgment of conviction, and defendant brings error. Affirmed.

Arthur B. Bensinger, of Louisville, Ky. (J. J. McBrayer, of Lexington, Ky., on the brief), for plaintiff in error.

Sawyer A. Smith, U. S. Atty., of Covington, Ky. (John E. Shepard and Rodney G. Bryson, Assts. U. S. Atty., both of Covington, Ky., on the brief), for the United States.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

PER CURIAM. McCarty was convicted and sentenced for transporting intoxicating liquor, and as for a third offense, under the

provisions of section 29 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½p).

[1] The indictment describes two former consecutive convictions, but does not, in terms, allege that the offense prosecuted was a third offense, and fails to state expressly that the second conviction was for an act which occurred after the first conviction. The proof was similarly imperfect. There was an interval of about five months between the first conviction and the second indictment, and there is no defect in the situation necessary to make the second conviction one for a second offense, unless possibly the act charged in the second indictment was committed more than five months before the indictment was found. The alleged defect in the indictment and proofs was in no way brought to the attention of the trial court, and we regard such defects as clearly among those irregularities cured by the effect of section 269 of the Judicial Code (Comp. St. Ann. Supp. 1919, Comp. St. Ann. Supp. 1923, § 1246).

[2] There was a motion for an instructed verdict; but it was put upon the special and sole ground that there had been an unconstitutional search and seizure. A motion for an instructed verdict, when based upon a specific ground, does not suffice to reserve for this court some other nonobvious reason which might justify the request. Cincinnati Co. v. Davis (C. C. A. 6) 293 Fed. 481, 482, 483; Louisville Co. v. Womack (C. C. A. 6) 173 Fed. 752, 759, 97 C. C. A. 559; Choctaw Co. v. Jackson (C. C. A. 8) 192 Fed. 792, 799, 800, 114 C. C. A. 12.

The claim that the identity of this defendant and one named in the previous indictment does not sufficiently appear is based upon an obvious confusion of names or initials, was not presented to the trial court, and is an irregularity of the same character as the omission of the exact date of the second offense.

The judgment is affirmed.