## HELRING v. DELAWARE & HUDSON CO.
### No. 81.

Circuit Court of Appeals, Second Circuit.
Dec. 7, 1931.

Jacob Klein, of New York City (John C. Robinson and Morris A. Wainger, both of New York City, of counsel), for appellant.

H. T. Newcomb, of New York City (Francis J. McLoughlin, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

The action of the trial court in refusing to submit this case to the jury requires the rights of these parties to be determined on the basis of Helring's having been killed without warning by defendant's engine when operated with no lookout at a time when Helring was on the defendant's right of way because he chose to go there in the performance of the duties of his employment, although there was no necessity for his being there at all. Granted that his inquiry of Davis was necessary and that he had to go to Davis to make it, there was still no need for him to go nearer the defendant's track than Davis was. There is no evidence that

Davis at any time was on the defendant's right of way. Taken in the light most favorable to the plaintiff, the evidence shows no more than that Helring suddenly stepped into the path of an approaching engine at a point on the defendant's premises where he was not known by the defendant to be and where the defendant had no reason to expect he would be; that the defendant maintained no lookout for him and gave him no warning; and that he was at once killed.

The plaintiff relies largely on cases which deal with the rights of those who make some permissive use of a railroad right of way and are injured when so doing. These cases have no application to the case at bar, for there was no evidence that employees of the Lackawanna were ever allowed to go upon the defendant's right of way where Helring was killed or ever did go upon it there before. If the evidence can be stretched, and stretched it must be to reach any such conclusion, to the extent of showing that Helring had at least an implied license to go where he did whenever his work so required, we are met at once with the fact that his work did not make it necessary. Moreover, no interest of the defendant or mutual interest of the two railroads was being served by Helring in making an inquiry about a switch used and useable in connecting tracks only of the Lackawanna Railroad and concerning its use by a train not shown to have had any relation to the defendant whatever or made up of any cars destined to go into the yard of the defendant. So there was no implied invitation to Helring to use the defendant's right of way at the place he was killed. See Heskell v. Auburn Light, Heat & Power Co., 209 N. Y. 86, 102 N. E. 540, L. R. A. 1915B, 1127. When he stepped upon the defendant's premises, he was doing a perfectly voluntary thing for reasons wholly his own, if he had any reasons whatever, and was bound to accept conditions as he found them so far as any active duty the defendant owed him is concerned. He was entitled to have the defendant exercise due care not to injure him if, and when, he should be discovered upon its premises but there was no duty to discover him when there or dangerously near there. Helring went upon the defendant's right of way at the place and time he was killed having only the rights and being owed only the same duty the defendant would have owed any member of the general public going upon its premises in a similar way at that time and place. Otherwise put, it owed to Helring only the same duty it owed any other trespasser. It was not bound to maintain any lookout on its moving engines for trespassers on its property or to exercise active vigilance to protect them from injury unless their presence was known. Hoyer v. Central R. R. of N. J. (C. C. A.) 255 F. 493; McCarthy v. N. Y., N. H. & H. R. R. Co. (C. C. A.) 240 F. 602; Cronopolous v. Penn. Co. (C. C. A.) 259 F. 210; Penn. R. R. Co. v. Rogers (C. C. A.) 244 F. 76.

Some exceptions which were taken to the exclusion of evidence are left unnoticed because they do not affect the decisive feature of this case as now presented. Nor has it been thought necessary, in view of the defendant's freedom from actionable negligence, to consider the subject of contributory negligence, although the deceased stepped directly into the path of a moving engine which he must have seen had he taken the slightest precaution to look where he was going.

Judgment affirmed.